# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JEFF SWIECICKI**, individually and on behalf of all others similarly situated, 1543 McCausland Drive Hudson, OH 44236<br><br>Plaintiff,<br><br>v.<br><br>**CAINE & WEINER COMPANY, INC. d/b/a CAINE & WEINER, INC.** C/o Greg A. Cohen, Registered Agent 5805 Sepulveda Boulevard Fl 4 Sherman Oaks, CA 91411-2532<br><br>Defendant(s) | Case No.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**JURY DEMAND ENDORSED HEREIN** |

Plaintiff Jeff Swiecicki ("Plaintiff"), through Counsel, individually and on behalf of all others similarly situated, and for his Complaint against Defendant Caine & Weiner Company, Inc. ("Defendant" or "Caine") states as follows:

## I. SUMMARY OF CLAIMS

1. This is an action brought against Caine by the Plaintiff, individually and on behalf of all others similarly situated, for Caine's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Defendant Caine illegally sent dunning notices both in writing and via electronic means which fail to contain the "mini-Miranda" language to consumers which prevents consumers, like the Plaintiff and the putative class members, from knowing their rights under the Fair Debt Collection Practices Act.

## II.  PARTIES, JURISDICTION, AND VENUE

3. Plaintiff Jeff Swiecicki is a natural person residing in Hudson, Ohio.

4. Defendant Caine & Weiner Company, Inc. is a foreign corporation incorporated under the laws of the State of California that is not registered to do business with the Ohio Secretary of State.

5. Based on **Exhibit 1** and a review of Caine's website[1], Defendant does business as both "Caine & Weiner" and "Caine & Weiner, Inc.".

6. Neither "Caine & Weiner" nor "Caine & Weiner, Inc." are registered entities with the California Secretary of State.

7. Neither "Caine & Weiner" nor "Caine & Weiner, Inc." are registered entities with the Ohio Secretary of State.

8. Jurisdiction is proper under 15 U.S.C. § 1692k(d), as this action arises under the FDCPA.

9. This Court has supplemental jurisdiction to hear any and all state law claims that are plead herein or that may subsequently arise pursuant to 28 U.S.C. § 1367.

10. Venue lies in this District pursuant to 28 U.S.C. § 1391(b), as Plaintiff resides in this District and all of the causes of action described herein occurred in this District.

## III.  INTRODUCTION TO CLAIMS

11. Swiecicki is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3); and a person affected by a violation of the FDCPA, and other violations, with standing to bring this claim primarily under 15 U.S.C. § 1692.

---

[1] https://www.connectcw.com/ (Last visited March 8, 2021)

12. Caine is a debt collector as that term is defined by 15 U.S.C. 1692a(6) based upon the actions described herein, *supra*, as well as based on the information on its website in which Caine states it is a debt collector.[2]

13. Caine is a company that uses the mail, telephone and/or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

14. Caine is an entity that at all relevant times was engaged, by use of the telephone, in the business of attempting to collect from Plaintiff a "debt"— an unsecured liability to an automobile insurance company—as defined by 15 U.S.C. § 1692a(5).

15. Swiecicki's transactions with Caine are a "debt" as that term is defined by the FDCPA as the underlying debt sought to be collected was an unsecured liability to an automobile insurance company the primary purpose of which was for personal, family, or household use.

16. Swiecicki has a private right of action under the FDCPA pursuant to 15 U.S.C. § 1692k(d) for the claimed breaches and such action provides for remedies including actual damages, costs, statutory damages, and attorneys' fees.

## BACKGROUND FACTS

17. Sometime in 2019 Plaintiff incurred a liability to Progressive Insurance related to an unpaid automobile insurance premium.

18. On or about January 27, 2021 Swiecicki received a dunning notice from Caine, as Caine & Weiner, a copy of which is attached as Exhibit 1. (the "Letter Notice")

19. Exhibit 1 does state that Caine is a debt collector. *See* Exhibit 1 at p. 1

---

[2] *Id.*

20. Exhibit 1 does not disclose to Swiecicki that he has a right to dispute the validity of this debt. *Id.* at p. 2

21. Exhibit 1 demands Swiecicki pay an amount certain to settle the debt within thirty (30) days of the letter or else the offer is hereby unilaterally revoked. *Id.* at p. 1

22. In addition to receiving Exhibit 1 on January 27, 2021, Swiecicki received a dunning notice via email from "Yanalte Jovel", an employee of Caine on January 28, 2021. *See* **Exhibit 2**. (the "Email Notice")

23. Exhibit 2 notified Caine of the settlement offer made in Exhibit 1. *Id.* at p. 2

24. Exhibit 2 contained a PDF attachment of Exhibit 1. *Id.*

25. Exhibit 2, like Exhibit 1, does not disclose to Swiecicki that he has a right to dispute the validity of this debt. *Id.*

26. In reviewing Exhibit 2 after Ms. Jovel's signature block, Swiecicki noticed at the very end of the email a "Contact Us" portion which included hyperlinks to Caine's website and a portion titled "Disclosures". *Id.* at p. 3

27. At no time since receiving Exhibit 2 did Swiecicki click on the "disclosures" tab as neither Exhibit 1 or Exhibit 2 make any explicit reference to Swiecicki that if he did click on the tab, he'd be advised on his rights under the FDCPA to challenge the validity of the debt.

IV. <u>**FACTUAL ALLEGATIONS RELEVANT TO THE PLAINTIFF AND THE CLASS**</u>

28. The Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

29. Based on the allegations herein both the Letter Notice and the Email Notice are for debts as defined by the FDCPA.

30. Based on the allegations herein both the Letter Notice and the Email Notice fail to provide Swiecicki and the putative class members with the full "mini Miranda" notice as required by the Fair Debt Collection Practices Act.

31. More specifically the Letter Notice fails to specifically inform Swiecicki and the putative class members with any information related to their rights under the FDCPA to challenge the validity of the debt. *See* Exhibit 1.

32. More specifically the Email Notice both (1) fails to specifically inform Swiecicki and the putative class members with any information related to their rights under the FDCPA to challenge the validity of the debt and (2) overshadows the "disclosures" which prevents Swiecicki and the putative class members from knowing they could click a hyperlink to obtain the required disclosures. *See* Exhibit 2 at pp. 2-3

### V. PLAINTIFF AND CLASS MEMBERS' DAMAGES

33. The Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

34. Caine engaged in the conduct described herein on a systematic basis.

35. Both Exhibit 1 and Exhibit 2 are form dunning notices that Caine uses, and continues to use, when communicating with consumers like the Plaintiff and putative class members in collecting debts as defined by the FDCPA.

36. As a result of sending Exhibits 1 and 2 to the Plaintiff and putative class members, the Plaintiff and putative class members have been intentionally deprived of being provided with information related to disputing their debts by Caine which puts the Plaintiff and putative class members at risk of being collected upon by Caine for debts which may not be theirs.

37. As a result of including the "Disclosure" notice in Exhibit 2 well below the body of the email where the Plaintiff and the putative class members as ordinary consumers would

anticipate the debt collection communications to be included, Caine is knowingly depriving information related to disputing their debts by Caine which puts the Plaintiff and putative class members at risk of being collected upon by Caine for debts which may not be theirs.

38. Plaintiff and the putative class members have been forced to defend themselves against these deceptive collective efforts by Caine.

39. As a result of Caine's misrepresentations and deceptions contained in Exhibits 1 and 2 in attempting to collect debts covered by the FDCPA, the Plaintiff and Class Members have suffered emotional distress and anguish.

## VI.　CLASS ALLEGATIONS

40. **Class Definition.** Plaintiff brings this action pursuant to Fed. R. Civ. P. 23, on behalf of a national class of similarly situated individuals and entities (the "Class") defined as follows:

> All consumers to whom Caine has sent any written communications either via letter or electronic means between ONE YEAR FROM FILING OF COMPLAINT to the present to collect a debt with regard to a loan or account subject the Fair Debt Collection Practices Act ("FDCPA") which fails to include the required mini-Miranda disclosures allowing consumers to dispute the validity of a debt.

> Excluded from the Class are: (1) Defendants, Defendants' agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendants or its parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

41. **Subclass Definition:** Plaintiff also brings this action pursuant to Fed. R. Civ. P. 23, on behalf of a Subclass of similarly situated individuals (the "Subclass") defined as follows:

> All consumers to whom Caine has sent electronic communications between ONE YEAR FROM FILING OF COMPLAINT to the present to collect a debt with regard to a loan or account subject the Fair Debt Collection Practices Act ("FDCPA") which includes the "Disclosure" hyperlink at the end of the electronic communication to the consumer.
>
> Excluded from the Class are: (1) Defendants, Defendants' agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendants or its parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

42. **Numerosity:** Upon information and belief, the Class and Subclass are each comprised of hundreds of Class members. Thus, the Class and Subclasses are so numerous that joinder of all members is impracticable. Class members can easily be identified through Defendant's records.

43. **Commonality and Predominance:** There are several questions of law and fact common to the claims of Plaintiff, the Class and the Subclass, which predominate over any individual issues, including:

   a. Whether the Plaintiff, Class and Subclass members are a "consumer" as that term is defined by the FDCPA;

   b. Whether the debt Caine was seeking to collect from the Plaintiff, Class and/or Subclass member is a "debt" as that term is defined by the FDCPA;

   c. Whether Caine is a debt collector as that term is defined by the FDCPA;

   d. Whether Exhibit 1 contains the required mini-Miranda language related to a consumer's right to dispute a debt as required by the FDCPA;

  e.  Whether Caine sent substantially similar letters to Exhibit 1 to Class and Subclass Members;

  f.  Whether Exhibit 2 contains the required mini-Miranda language related to a consumer's right to dispute a debt as required by the FDCPA;

  g.  Whether the use of the "Disclosure" hyperlink in Exhibit 2 complies with a consumer's right to dispute a debt as required by the FDCPA.

  h.  Whether Caine sent substantially similar emails to Exhibit 2 to Class and Subclass Members;

  i.  What, if any, actual payments were made by the Plaintiff, Class and Subclass Members to Caine after receiving collection notices like Exhibit 1 and Exhibit 2;

  j.  What, if any, disputes were sent to Caine by the Plaintiff, Class and Subclass Members to Caine after receiving collection notices like Exhibit 1 and Exhibit 2;

  k.  Whether any Class and/or Subclass Member clicked on the "Disclosure" hyperlink after receiving collection notices like Exhibit 2;

  l.  Whether Caine is liable for statutory damages under the FDCPA to the Plaintiff, Class and Subclass Members as a result of Caine's violations of the FDCPA; and

  m.  Whether the Plaintiff, Class and/or Subclass members incurred any actual damages in the form of emotional distress as a result of Caine's violations of the FDCPA.

  44.  **Typicality**: Plaintiff's claims are typical of the claims of members of the Class and the Subclass. All claims are based on the same legal and factual issues. The Plaintiff and each of the Class and Subclass Members are subject to Caine's illegal collection attempted by receiving Exhibit 1 and/or Exhibit 2. Caine's conduct was uniform to the Plaintiff, Class and/or Subclass members.

45. **Adequacy of Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and Subclass. Plaintiff has retained counsel competent and experienced in complex class actions. The Plaintiff does not have an interest antagonistic to the members of the Class and.or Subclass. Caine has no defenses unique to the Plaintiff. The questions of law and fact outlined in Paragraph 43 are common to the Proposed Class and Subclass and predominate over any questions affecting only individual members of the Class and Subclass

46. **Superiority**: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impractical or impossible for proposed members of the Class and Subclass to prosecute their claims individually. The trial and the litigation of the claims of the Plaintiff, Class and Subclass are manageable.

47. Pursuant to Fed. R. Civ. P. 23(b)(3), this matter is properly maintainable as a class action.

## COUNT I:
**Violations of the Fair Debt Collection Practices Act**
**15 U.S.C. §§ 1692, *et seq.***
**(On behalf of Plaintiff, the Class and the Subclass)**

48. Swiecicki incorporates all of the allegations contained in the foregoing paragraphs as if fully stated herein.

49. Swiecicki and each of the members of the Class and Subclass are a consumer under the FDCPA. 15 U.S.C. § 1692a(3).

50. Swiecicki's account as well as the accounts of each of the members of the Class and Subclass are a debt under the FDCPA, 15 U.S.C. § 1692a(5).

51. Caine is a debt collector under the FDCPA, 15 U.S.C. §§ 1692a6).

52. Caine's actions and practices described as demonstrated by both Exhibits 1 and 2 as well as the allegations contained in Paragraphs 28 through 32 constitute violate the FDCPA in at least the following respects:

   a) false, deceptive or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e;

   b) unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f;

   c) attempting to collect an amount not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1);

   d) falsely representing the character, amount and/or legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

53. As a result of Caine's failure to comply with the provisions of the FDCPA, and the resulting injury and harm Caine's failure caused, Swiecicki and members of the Class and Subclass are each entitled to actual damages, statutory damages, and attorneys' fees and costs under 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jeff Swiecicki, individually and on behalf of the Class and Subclass respectfully request that the following against Defendant Caine & Weiner Company, Inc.:

   A) That the Court find that this action satisfies the prerequisites for maintenance as a class action and certifying the Class and Subclass as defined herein;

   B) That the Court appoint Plaintiff as representative of the Class and Subclass as applicable;

   C) That the Court appoint Plaintiff's Counsel as Counsel for the Class and Subclass as applicable;

D) That the Court enter judgment in favor of Plaintiff, the Class and Subclass against Caine for the allegations contained in Count One;

E) That the Court award to the Plaintiff, Class and Subclass members actual and statutory damages and all other forms of available relief as to each and every Count, as applicable;

F) That the Court award Counsel for the Plaintiff, Class and Subclass' attorney's fees and costs, including interest thereon as allowed or required by law; and

G) Granting all such further and other relief as the Court deems just and appropriate.

## JURY DEMAND

Plaintiff Jeff Swiecicki, members of the Class and members of the Subclass hereby demand trial by jury on all triable claims.

Respectfully Submitted,

*/s/Marc E. Dann*
Marc E. Dann (0039425)
Brian D Flick (0081605)
DANN LAW
P.O. Box 6031040
Cleveland, OH 44103
Telephone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues, with the maximum number of jurors permitted by law.

*/s/Marc E. Dann*
Marc E. Dann (0039425)
Brian D Flick (0081605)
DANN LAW
*Attorneys for Plaintiff*